## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SAMMIE LEE WALKER, JR. and THERESA BRENDA WALKER, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-13-03111 |
| CITIMORTGAGE, INC., | § § § | |
| *Defendant*. | § § | |

## ORDER

Pending before the court is a motion to dismiss or, alternatively, motion for a more definite statement filed by defendant Citimortgage, Inc. Dkt. 2. Having considered the original petition, motion, response, reply, and applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

Plaintiffs Sammie Lee Walker, Jr., and Theresa Brenda Walker filed their original petition in state court after Citimortgage filed a notice of foreclosure pursuant to Texas Rule of Civil Procedure 736 ("TRCP 736"). Dkt. 1, Ex. 1; Dkt. 8. TRCP 736 deals with expedited judicial foreclosure. The Walkers originally purchased their home in 1976. Dkt. 1, Ex. 1. In 2005, they encountered some "cash flow issues." *Id.* At this point, the principal on their mortgage allegedly was $46,265.23. *Id.* The Walkers entered into a home equity loan agreement with Citimortgage. *Id.* They claim that they received a fixed rate equity loan in the amount of $76,800, with an interest rate of 9.25%, which required them to pay $631.82 per month for thirty years. *Id.*

The Walkers encountered additional financial hardship in 2009 and fell behind on their payments to Citimortgage. *Id.* The Walkers allege that they applied for loan modifications with Citimortgage several times but only received "the run around" and that they have thus been deprived of the opportunity to obtain the low interest rates enjoyed by other homeowners. *Id.* Citimortgage allegedly engaged in months of negotiation with the Walkers relating to loan modification when it had no intention of approving the modification. *Id.* In August 2103, Citimortgage filed a proceeding for expedited judicial foreclosure under TRCP 736. Dkt. 8.

The Walkers responded to Citimortgage's expedited foreclosure proceeding by filing the instant lawsuit contesting the foreclosure. *Id.* They allege that the home equity loan was not in compliance with the Texas Constitution, article 16, section 50, because it violated the 80% rule, there were issues with the property's appraised value, the date for the first installment payment was incorrect, and certain conditions were not met on or before the date of closing. Dkt. 1, Ex. 1. They assert claims for fraud in the inducement, common law fraud, and statutory fraud. *Id.*

Citimortgage removed the Walker's lawsuit to this court and then moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). Dkt. 2. Citimortgage argues that all of the Walkers' claims relate to their 2005 home equity loan and are thus barred by the four-year statute of limitations. *Id.* Moreover, Citimortgage asserts that the economic loss rule bars the Walkers' tort claims for fraud as the only injury alleged is the economic loss relating to the contract. *Id.* Alternatively, Citimortgage argues that the Walkers have not stated their claim with particularity as required for fraud claims under Federal Rule of Civil Procedure 9(b). *Id.*

The Walkers argue that TRCP 736 "contemplates that once judicial foreclosure is sought under the expedited terms of the rule then, and only then, does the right of action of the homeowner accrue to contest the foreclosure." Dkt. 8. They assert that they are entitled to "challenge the

deficiencies, irregularities and illegalities in 'the origination, servicing[, or] enforcement' of the loan" when challenging a foreclosure. *Id.* (quoting TRCP 736.11) (alteration added to correct quote). The Walkers assert that they did not have a legal forum to "put in issue any matter related to the origination, servicing, or enforcement of the loan agreement" until Citimortgage chose to proceed with judicial foreclosure. *Id.* As far as the economic loss rule, the Walkers assert that they are making "contract fraud" claims, not "tort fraud" claims. *Id.* Finally, with respect to Rule 9(b), the Walkers assert that they have sufficiently outlined how Citimortgage misled the Walkers for the purpose of inducing them to proceed with the loan and how Citimortgage deceived the Walkers into believing they would have the benefit of a loan modification. *Id.*

## II. Legal Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In considering a 12(b)(6) motion, the court must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Additionally, the court does not look beyond the face of the pleadings to determine whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554 (internal citations omitted).

The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.*

In addition to meeting the plausibility standard, under Federal Rule of Civil Procedure 9(b), if a party is alleging fraud or mistake, the pleading must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (noting that Rule 9(b) does not "supplant" Rule 8(a)). However, this particularity requirement "does not 'reflect a subscription to fact pleading.'" *Id.* (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)). Instead, pleadings alleging fraud must contain "simple, concise, and direct allegations of the circumstances constituting the fraud, which . . . must make relief plausible, not merely conceivable, when taken as true." *Id.* (internal quotations omitted) (referring to the standard enunciated in *Twombly*).

The Fifth Circuit interprets Rule 9(b) strictly, "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002)). Thus, Rule 9(b) generally requires the complaint to "set forth 'the who, what, when, where, and how' of the events at issue." *Id.* (quoting *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). However, "Rule 9(b)'s ultimate meaning is context-specific." *Grubbs*, 565 F.3d at 185. Thus, "[d]epending on the claim, a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or mistake' without including all the details of any single court-articulated standard—it depends on the elements of the claim at hand." *Id.*

4

## III. ANALYSIS

### A.    Statute of Limitations

Under TRCP 736.11(a),

> A proceeding or order under this rule is automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed prior to 5:00 p.m. on the MONDAY before the scheduled foreclosure sale.

TRCP 736.11(a). This rule gives individuals who are defendants in TRCP 736 foreclosure cases the right to bring a separate claim contesting the origination, servicing, or enforcement of the loan agreement. It does *not* extend the statute of limitations for these types of claims, which certainly may be brought even in the absence of a TRCP 736 foreclosure. The Walkers argue that if Citimortgage's position that their claims are barred by the statute of limitations were viable, "banks and lending institutions who engage in predatory lending practices and deceptive loan modification programs would have to simply wait out the statute of limitations, file for expedited judicial foreclosure and legitimately take away homesteads of unsuspecting homeowners who are struggling to make payments on loan terms that are onerous, by design." Dkt. 8. However, if the Walkers' position is correct, and TRCP 736.11 basically extends the statute of limitations indefinitely until the homeowners fail to make contractually required payments and the bank files a TRCP 736 expedited foreclosure, then homeowners can basically sit on their rights and not file a claim related to alleged faults during the loan origination unless and until they need to contest a foreclosure. This goes against the purpose of statutes of limitation. "Such statutes aim to provide fairness to defendants and to afford plaintiffs a reasonable period of time within which to present their claims." *Hill v. Dir., Office of Worker's Comp. Programs*, 195 F.3d 790, 794 (5th Cir. 1999).

5

Under Fifth Circuit precedent, claims arising under article 16, section 50(a)(6) of the Texas Constitution, which protects homesteads from forced sale in certain circumstances, are governed by the residual four-year statute of limitation contained in Texas Civil Practices and Remedies Code section 16.051. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 673–74 (5th Cir. 2013) (interpreting Texas law). The Fifth Circuit has also ruled that the injury rule, which indicates that a cause of action accrues when a wrongful act causes a legal injury regardless of when the plaintiff learns of the injury, governs the question of accrual. *Id.* at 675. Thus, the period of limitations relating to the creation of allegedly unconstitutional liens is four years from the date the loan closes. *Id.* at 675–76.

The Walkers had four years to raise their claims relating to the alleged Constitutional defects associated with the loan. If the bank had filed its expedited foreclosure proceeding during those four years, then it would have been appropriate for the Walkers to file a proceeding pursuant to TRCP 736.11(a) based on those defects. Since it has been *more* than four years since the loan closed, however, the claims that Citimortgage violated the 80% rule, that there were issues with the property's appraised value, that the date for the first installment payment was incorrect, and that certain conditions were not met on or before the date of closing, are all barred by the statute of limitations.

The Walkers assert claims for fraud in the inducement, common law fraud, and statutory fraud. Dkt. 1, Ex. 1. The statute of limitations for fraud claims is also four years. *See* Tex. Civ. Prac. & Remedies Code Ann. § 16.004(a)(4). The first fraud claim asserted—fraud in the inducement—relates solely to actions allegedly taken by Citimortgage on or before the date of closing. This claim is clearly barred by the four-year statute of limitations.

The second claim, common law fraud, deals with Citimortgage's alleged presentation of questionable documents and information while representing to the Walkers that they were in default, Citimortgage's alleged failure to advise the Walkers of the full terms and conditions of their loan in violation of the Texas Constitution, and Citimortgage's alleged failure to inform the Walkers about the status of their account and alleged refusal to provide the proper reports to the Walkers. Dkt. 1, Ex. 1. The alleged failure to advise about the full terms and conditions occurred at closing and is barred by the statute of limitations. The other alleged misrepresentations appear to have occurred between 2009 and the present and are not barred by the statute of limitations.

The third claim, statutory fraud, relates mainly to alleged false representations and promises to induce the Walkers to enter into the loan. This portion of the claim is barred by the statute of limitations. The Walkers allege in the second portion of the third claim, however, that Citimortgage essentially pretended to assist the Walkers with a loan modification that it never intended on providing. Again, this clearly occurred after 2009 and is not barred by the statute of limitations.

In sum, all claims relating to alleged Constitutional defects associated with the loan origination are barred by the statute of limitations. The fraud in the inducement claim in barred by the statute of limitations. The statutory fraud claim is barred by the statute of limitations to the extent that it relates to alleged fraud occurring at or before the closing of the loan. All claims of fraud relating to Citimortgage's alleged behavior during the loan modification process are not barred by the statute of limitations.

**B.    Economic Loss Rule**

Citimortgage argues that the court should dismiss all of the Walkers' claims under the economic loss rule. Dkt. 2. The Walkers argue that the economic loss rule does not apply because they are making contract fraud claims, not tort fraud claims. Dkt. 8. Citimortgage asserts that there

is no such thing as a "contract fraud claim," and that, even if there were, if the Walkers mean that their fraud claims are related solely to the inducement of the contract, then they are barred by the statute of limitations. Dkt. 11. Citimortgage asserts that any post-closing fraud is barred by the economic loss rule because any damages claims by the Walkers necessarily arise out of and relate to their home equity loan contract. *Id.*

Under the economic loss rule, "mere nonfeasance under a contract creates liability only for breach of contract." *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 13 (Tex. 1996). "When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). Thus, generally a plaintiff cannot recover for a tort claim unless he or she suffers damages that are separate and independent from the economic losses recoverable under a breach of contract claim. *See Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 45–46 (Tex. 1998). However, this rule does not apply to fraud in the inducement claims, as "the legal duty not to fraudulently procure a contract is separate and independent from the duties established in the contract itself." *Id.* at 46. An independent injury is still required for other types of fraud claims, however, such as negligent misrepresentation. *See D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663–64 (Tex. 1998) ("The *Formosa* opinion's rejection of the independent injury requirement in fraudulent inducement claims does not extend to claims for negligent misrepresentation or negligent inducement.").

Here, the court has already determined that the fraudulent inducement claim, a claim that would not fall under the economic loss rule, should be dismissed under the statute of limitations. The economic loss rule applies to the other fraud claims. *See Heil Co. v. Polar Corp.*, 191 S.W.3d 805, 817 (Tex. App.—Fort Worth 2006, pet. denied) (rejecting the plaintiff's argument that the

*Formosa* standard applies to all fraud claims rather than simply to fraudulent inducement claims). The Walkers have not alleged any injuries independent of the loan at issue. Thus, there is no allegation of an independent injury, and the claims must fail.[1]

### IV. CONCLUSION

Citimortgage's motion to dismiss is GRANTED. The Walkers' claims relating to violations of the Texas Constitution and fraud in the inducement are DISMISSED WITH PREJUDICE because they are barred by the statute of limitations. The Walkers' other claims are DISMISSED WITH PREJUDICE pursuant to the economic loss rule.

Signed at Houston, Texas on January 8, 2014.

_____
Gray H. Miller
United States District Judge

---

[1] The court will not address Citimortgage's claim that the petition fails to meet the requirements of Rule 9(b) since it is dismissing the case for other reasons.